IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-02519-RM-NRN

KENNETH MICHAEL THOMAS,

    Plaintiff,

v.

ANALAURA LENZ,
JACOB WOLFORD,
CITY AND COUNTY OF DENVER,
DENVER POLICE DEPARTMENT,
DENVER HEALTH AND HOSPITAL AUTHORITY, and
CONNIE PRICE,

    Defendants.

## ORDER

    This matter is before the Court on Plaintiff's Motion for Default Judgment (ECF No. 35) requesting the Court to enter default judgment against Defendant Jacob Wolford. After reviewing the motion and the court record, the Court finds the motion fails to show default judgment may be granted.

    Plaintiff appears *pro se*; therefore, the Court liberally construes his pleadings. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Nevertheless, Plaintiff must still comply with the same rules of procedure as other litigants. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

    The entry of a default judgment is a two-step process. First, Plaintiff must request the clerk to enter default on the docket after showing that default may enter. *Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. 1995) (unpublished table decision). Then, after

entry of default by the clerk, "'the party entitled to a judgment by default shall apply to the court therefor.'" *Id*. (quoting Fed. R. Civ. P. 55(b)(2)).  Here, it appears Plaintiff may be conflating these two steps.

Following the entry of default, Plaintiff must now file a motion for default judgment which shows that default judgment may enter on the claims he has pled against Defendant Wolford. *See, e.g.,* Fed. R. Civ. P. 55(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); *Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) (A default judgment must be supported by a sufficient basis in the pleadings.).  In other words, if Plaintiff files another motion for default judgment he should (1) set forth the elements for each of his claims against Defendant Wolford; and (2) identify the specific facts alleged in his complaint, and provide any declarations or evidence, that support judgment in his favor as to such claims and the relief sought.  Plaintiff's current motion does not do so.

Accordingly, it is **ORDERED** that to the extent Plaintiff also seeks default judgment in his Motion for Default Judgment (ECF No. 35) it is DENIED WITHOUT PREJUDICE with leave to refile.

DATED this 19th day of November, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge